[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-11171
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 26, 2011
JOHN LEY
CLERK

D.C. Docket No. 2:00-cr-14013-KMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTWON JOSHUA WESLEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 26, 2011)

Before TJOFLAT, CARNES and HULL, Circuit Judges.

PER CURIAM:

Antwon Joshua Wesley appeals his 27-month sentence imposed after the mandatory revocation of his supervised release. After review, we affirm.

## I. BACKGROUND

### A. Conviction, Sentence, and Supervised Release

In July 2000, Wesley pled guilty to one count of carrying a firearm (a semi-automatic assault weapon) during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1), a Class A felony. According to his presentence investigation report, Wesley had 41 criminal history points and a criminal history category of VI. Consequently, his guidelines imprisonment range, per U.S.S.G. § 2K2.4(b), was a minimum ten-year imprisonment term and a maximum of life under 18 U.S.C. § 924(c)(1)(B)(i). The district court sentenced Wesley to 120 months' imprisonment, followed by three years of supervised release. Among the conditions of his supervised release, Wesley could not commit another federal, state, or local crime, illegally possess or use controlled substances, and had to submit to at least two periodic drug tests. On July 1, 2009, Wesley commenced his term of supervised release.

### B. Petition for Revocation of Supervised Release

In May 2010, the United States Probation Office filed a superseding petition requesting a warrant for Wesley on account of his alleged violations of the

2

conditions of his supervised release. The petition alleged that between July 13, 2009 and February 1, 2010, Wesley committed the following violations: (i) he unlawfully possessed or used controlled substances, namely, his urine samples tested positive for marijuana on July 13, July 17, September 4, November 19, and November 23, 2009, marijuana and cocaine on October 22, 2009, and cocaine on January 6, 2010 (Violations 1 through 6 and 8); (ii) he violated the law when he possessed cocaine on November 3, 2009, and February 1, 2010, and drug paraphernalia on February 1, 2010, in violation of Florida Statutes §§ 893.13 and 893.147, offenses to which he pled guilty and received a 364-day sentence (Violations 7 and 10); and (iii) he was unsuccessfully discharged and consequently failed to participate in an approved substance abuse treatment program on January 14 and January 20, 2010 (Violation 9).

## C.    Magistrate Judge's Report and Recommendation

At Wesley's initial appearance in December 2010, following his arrest for the alleged violations, the magistrate judge informed Wesley that he faced ten charges in the petition. The government stated that the maximum statutory penalty was five years' imprisonment and the guidelines range was 21 to 27 months. Wesley acknowledged that he understood and then admitted to all ten violations as

charged. The magistrate judge entered a report ("R&R") recommending that Wesley be found to have violated his supervised release.

Based on Wesley's Grade B violations of supervised release—Violations 7 and 10—and criminal history category of VI, the probation office prepared a revocation report stating that Wesley's guidelines imprisonment range was 21 to 27 months. See U.S.S.G. § 7B1.4(a). Because Wesley's original offense was a Class A felony, five years was the maximum imprisonment term that could be imposed upon revocation of supervised release. See 18 U.S.C. § 3583(e)(3). Wesley did not file objections to either the magistrate judge's R&R or the probation office's revocation report.

**D.     Revocation and Sentencing Hearing**

At the revocation and sentencing hearing, the district court adopted the magistrate judge's R&R, and adjudicated Wesley guilty of violating his supervised release as to each of the ten violations. The district court noted that Wesley had a criminal history category of VI and a guidelines imprisonment range of 21 to 27 months.

Wesley's counsel asked for a 21-month sentence. Wesley admitted that, as a result of some of his conduct, he had pled guilty to two state charges and had

already served a 364-day jail sentence. Wesley noted that he had been in the Marshal's custody since December 1, 2010.

The government requested that the court impose a 27-month sentence. The government asked that the district court not impose a new term of supervised release because Wesley was not capable of complying with its terms. The district court stated that it did not understand such a "sentencing philosophy of rewarding somebody for not" complying with the conditions of supervised release. In response, the government emphasized Wesley's problems with addiction and refusals to accept help.

The district court noted that it had "carefully considered" the parties' statements and the information contained in the "violation report" and concluded that Wesley violated the conditions of supervised release. As a result, the district court revoked Wesley's supervised release and sentenced Wesley to 27 months' imprisonment, followed by 33 months of supervised release. The district court cited its obligation and duty to both the defendant and the public to impose another term of supervised release. Wesley timely appealed.

## II. DISCUSSION

On appeal, Wesley argues that his 27-month sentence is both procedurally and substantively unreasonable because the district court failed to consider or properly weigh the 18 U.S.C. § 3553(a) factors.

## A.    Revocation of Supervised Release and § 3553(a) Factors

"Pursuant to 18 U.S.C. § 3583(e), upon finding that the defendant violated a condition of supervised release, a district court may revoke the term of supervised release and impose a term of imprisonment after considering the specific factors set forth in 18 U.S.C. § 3553(a)."[1]  United States v. Velasquez Velasquez, 524 F.3d 1248, 1252 (11th Cir. 2008).  The district court must also consider the policy statements in Chapter 7 of the Sentencing Guidelines, one of which provides recommended, non-binding ranges of imprisonment.  United States v. Silva, 443 F.3d 795, 799 (11th Cir. 2006).  Based on Wesley's Grade B violations of supervised release and a criminal history category of VI, Wesley's recommended guidelines range for imprisonment under advisory Chapter 7 was 21 to 27 months.  See U.S.S.G. § 7B1.4(a).  Because Wesley's original offense was a Class A felony,

---

[1] The factors the district court considers include: (1) the nature of the circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the kinds of sentences and sentencing range established by the Guidelines; and, in the case of a violation of supervised release, (5) the applicable Guidelines or policy statements issued by the Sentencing Commission.  18 U.S.C. § 3553(a); United States v. Sweeting, 437 F.3d 1105, 1107 (11th Cir. 2006).

five years was the maximum imprisonment term that could be imposed upon revocation of supervised release. See 18 U.S.C. § 3583(e)(3).

**B.    Reasonableness Analysis**

"We review the sentence imposed upon the revocation of supervised release for reasonableness." Velasquez Velasquez, 524 F.3d at 1252. Our reasonableness review applies the deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 41, 46, 128 S. Ct. 586, 591, 594 (2007). We first look at whether the district court committed any significant procedural error and then at whether the sentence is substantively reasonable under the totality of the circumstances and the § 3553(a) factors. United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008). The party challenging the sentence has the burden to show it is unreasonable. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

1.    Procedural Reasonableness

As to the procedural reasonableness, Wesley argues that the district court failed to consider the § 3553(a) factors. We have concluded that nothing in the case law "requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). Rather, an

indication that the district court has considered a defendant's arguments and the § 3553(a) factors is sufficient. Id. at 1330.

Here, the district court did not explicitly mention the § 3553(a) factors, although the dialogue between the court and the parties implicates several § 3553(a) factors. Specifically, the district court considered Wesley's criminal history category of VI, his violation report including his recent struggles with drugs and failure to complete drug treatment, the court's obligation to the public, and the guidelines imprisonment range of 21 to 27 months. In other words, the district court considered the history and characteristics of the defendant, the nature and circumstances of the offense, and the need for deterrence. See 18 U.S.C. § 3553(a). Because the record indicates the district court considered Wesley's arguments and the substance of the § 3553(a) factors, Wesley has not met his burden to show procedural error. See Scott, 426 F.3d at 1330.

2.      Substantive Reasonableness

As to substantive reasonableness, Wesley argues the district court unreasonably failed to give weight to certain § 3553(a) factors. We review the substantive reasonableness of a sentence in light of the § 3553(a) factors and the "totality of the circumstances." Pugh, 515 F.3d at 1190. The weight to be given any particular factor is left to the sound discretion of the district court. United

States v. Amedeo, 487 F.3d 823, 832 (11th Cir. 2007). We ordinarily expect a sentence within the guidelines range to be reasonable. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). A sentence imposed well below the statutory maximum is another indicator of a reasonable sentence. See United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008).

In this case, Wesley has not demonstrated that his 27-month sentence within the guidelines range was substantively unreasonable. His 27-month sentence was well below the maximum sentence of five years' imprisonment, one indicator that it was a reasonable sentence. See id.

The sentence, moreover, met the goals encompassed within § 3553(a). Wesley previously was convicted of, inter alia, grand theft auto, battery, attempted burglary, and cocaine possession, resulting in a criminal history category of VI. His underlying conviction in the current case is a serious firearm offense during a drug trafficking crime. Wesley admitted to violating his supervised release less than two weeks after his initial release from prison. Wesley eventually had a total of ten violations within the first year, all of which related to the unlawful use or possession of controlled substances. In addition, Wesley failed to participate in substance abuse counseling and failed to secure employment during his supervised release.

9

Considering Wesley's extensive criminal history and the nature and seriousness of his violations of supervised release, a 27-month sentence was necessary to promote respect for the law, provide just punishment, deter Wesley from further criminal activity, and protect the public. Under the totality of the circumstances, we cannot say the district court abused its discretion in imposing a 27-month sentence.

Wesley also argues his 27-month sentence, at the high end of his range of 21 to 27 months, was substantively unreasonable because the district court placed "unreasonable weight" on not rewarding Wesley for his noncompliance with the conditions of supervised release. A district court may abuse its discretion by failing to consider relevant factors that were due significant weight, or by giving significant weight to an improper or irrelevant factor. United States v. Irey, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc). However, Wesley misconstrues the district court's comment. The district court was explaining its reason for continuing to impose a term of supervised release despite Wesley's past failures to comply. Nothing in the record suggests the district court focused on not rewarding Wesley for his noncompliance as a factor in selecting the duration of the new prison sentence.

For all these reasons, Wesley failed to carry his burden to show that his sentence is unreasonable.

**AFFIRMED.**